**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIANO GRANADOS-OSEGUERA,
                          *Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,
                          *Respondent.*

No. 03-73030

Agency No.
A091-692-353

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 17, 2006—Pasadena, California

Filed October 7, 2008

Before: Betty B. Fletcher, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

14257

## COUNSEL

Mary Beth Canty, Laura Boyle, Josh Chetwynd, Law Students, Tucson, Arizona, argued the case for the petitioner; Willie M. Jordan-Curtis, Ph.D., J.D., Esq., Assistant Dean for Student Affairs and Associate Clinical Professor of Law, The University of Arizona, Rogers College of Law, Pro Bono Appellate Project, Tucson, Arizona, was on the briefs for the petitioner.

Arthur L. Rabin, Department of Justice, Washington, D.C., argued the case for the respondent; Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Linda S. Wendtland, Assistant Director, and Cindy S. Ferrier, Senior Litigation Counsel, Washington, D.C., were on the briefs for the respondent.

## ORDER

The opinion, published at 464 F.3d 993, is WITHDRAWN. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

## OPINION

PER CURIAM:

On September 25, 2006 we granted Oseguera's petition to remand his case to the Board of Immigration Appeals ("BIA")

in order to re-evaluate his motion to reopen in light of his ineffective assistance of counsel claim. *See Granados-Oseguera v. Gonzales*, 464 F.3d 993 (9th Cir. 2006). Upon discovering that this opinion had relied on an incomplete administrative record tendered by the Government in this appeal, we granted the Government's Petition for Rehearing on October 31, 2007. After careful reconsideration, we now withdraw our prior opinion and deny Oseguera's petition to reopen.

To reach this conclusion we must resolve two issues. First, did the denial, on abandonment grounds, of Oseguera's I-140 petition render this appeal moot? Second, assuming his appeal presented a live controversy, did the BIA abuse its discretion by denying Oseguera's motion to reopen? We conclude that the appeal is not moot, but that there was no abuse of discretion in the BIA's denial because Oseguera overstayed his voluntary departure period and was therefore statutorily barred from the requested relief.

## I.   FACTS AND PROCEDURAL HISTORY

Oseguera entered the United States on or around June 6, 1984. He sought asylum in August 1993, although that application was later abandoned in lieu of a request for cancellation of removal. Oseguera's cancellation of removal application was delayed several times due to his prior counsel's failure to submit a complete application. The immigration judge ("IJ") ultimately denied the requested relief on the grounds that Oseguera did not satisfy the "extreme hardship" requirement.

### A.   Proceedings before the BIA.

The BIA summarily affirmed the IJ on September 6, 2002, but granted Oseguera permission to voluntarily depart "within 30 days of the date of this order or any extension beyond that time as may be granted by the district director." Pursuant to

Immigration and Nationality Act regulations, Oseguera was required to file any motion to reopen *before* his period for voluntary departure expired (which was, in his case, October 6, 2002). *See* 8 U.S.C. § 1229c(d)(1).

Oseguera eventually filed a motion to reopen on December 6, 2002—sixty two days after the voluntary departure period had expired. Oseguera asked the BIA to excuse the untimely filing on the grounds that "exceptional circumstances"— illnesses of his daughter and father—delayed a timely filing. Oseguera also urged that he was *prima facie* eligible for relief from his removal order, because his employer had submitted an I-140 Alien Employment Certification on his behalf. In a supplement to the motion, Oseguera's counsel also represented that she had "approached the Service" to seek an extension of his voluntary departure time.[1] Oseguera's supplement also included Oseguera's I-140 Immigrant Petition for Alien Worker; that application was later rejected as abandoned on August 24, 2004.

On July 23, 2003 the BIA denied Oseguera's motion to reopen on three separate grounds. First, the BIA rejected Oseguera's "exceptional circumstances" claim, because amendments to the INA had withdrawn the "exceptional circumstances" exception to the bar on availability of discretionary relief in cases where a petitioner has overstayed his voluntary departure period. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Section 240(b). Second, the BIA observed that Oseguera's counsel had sought an extension of the voluntary departure period from the wrong entity, and so there was no other basis to permit the otherwise untimely filing. Third, the BIA reasoned that even if the application were timely, Oseguera had failed

---

[1]Although the record is not clear as to the specific entity from whom the extension was sought, INA regulations give the District Director exclusive authority to grant an extension of the voluntary removal period. *See* 8 C.F.R. § 240.25(c).

to make the necessary showing of *prima facie* eligibility for relief because he did not submit an I-485 Application for Adjustment of Status along with his motion to reopen. It is of that order—in its complete form—that Oseguera now seeks review.

In our prior opinion, the majority voted to remand Oseguera's petition to the BIA for the purpose of re-evaluating his motion to reopen in light of his ineffective assistance of counsel claim. 446 F.3d at 999. However, it was later discovered that there was a materially incomplete administrative record originally submitted with this petition for review. Specifically, a critical page of the BIA's July 23, 2003 order denying Oseguera's motion to reopen was omitted from the record. In light of this omission—which undercut the panel's rationale for resolving the appeal—rehearing was granted. The panel ordered supplemental briefing, which was completed on April 29, 2008.

## B. Arguments and additional information submitted in supplemental briefing.

Oseguera's primary argument on appeal is, once again, that but for ineffective assistance of counsel the BIA might have reached a different outcome on the motion to reopen his removal proceedings. Oseguera contends that his prior counsel was ineffective due to her failure to file an I-140 Immigrant Petition for Alien Worker earlier in the proceedings, and her accompanying failure to file an I-485 application with his motion to reopen. Oseguera acknowledges that, even assuming his motion to reopen had been complete, the BIA was statutorily barred from providing any discretionary relief as a result of his failure to file before the deadline for voluntary departure had passed. *Id.* at 22. Oseguera nonetheless contends that if this court provides relief on the ineffective assistance of counsel claim, on remand the BIA could potentially find that his overstay of the voluntary departure period was

the product of his counsel's reassurance that the overstay would be excused.

The Government has supplemented the record by submitting an August 25, 2004 notice from the Department of Homeland Security ("DHS") indicating that the I-140 Alien Worker Petition submitted on Oseguera's behalf was denied as abandoned. In its Supplemental Brief, the Government asserts that the abandonment of the I-140 Petition—which is one part of the documentation necessary for Oseguera to gain any relief even if his removal proceedings were reopened—renders Oseguera's appeal moot. Oseguera responded by filing a Motion for Modification of the Record that included an affidavit from his former employer, Bert Hansen, who indicated that he was never informed by Oseguera's prior counsel of the need for any action on the abandoned application, and confirmed a willingness to file a new I-140 application once this appeal is resolved. On March 27, 2008 the panel granted the Motion for Modification. Thus, the BIA's complete July 23, 2003 Order, the August 25, 2004 DHS notice of abandonment, and the Hansen affidavit were all before the panel on this rehearing.

## II.   ANALYSIS

We review the denial of a motion to reopen removal proceedings for abuse of discretion. *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). Questions of law, as well as due process claims, are reviewed *de novo*. *Id.*

### A.   Oseguera's Appeal is Not Rendered Moot by the Abandonment of his I-140 Application.

[1] This court has an obligation to determine whether a case presents a live controversy, and is precluded from entering judgment in an appeal that has been rendered moot. *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc) ("For a case to fall within the

parameters of our limited judicial power, it is not enough that there may have been a live controversy when the case was decided by the court whose judgment we are reviewing. Rather, Article III requires that a live controversy persist throughout all stages of the litigation.") (internal quotation marks and citation omitted). A live controversy requires: (1) the existence of an injury in fact, (2) a fairly traceable connection between the injury and the challenged action of the defendant, and (3) a likelihood that a favorable decision will redress the claimed injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 189 (2000). The party claiming mootness "has the heavy burden of establishing that there is no effective relief remaining for [us] to provide." *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) (internal citation omitted); *see also Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000) (per curiam) ("It is no small matter to deprive a litigant of the rewards of its efforts . . . Such action on grounds of mootness would be justified only if it were *absolutely clear* that the litigant no longer had any need of the judicial protection that is sought.") (emphasis added).

Relying on a line of authority addressing mootness in cases concerning the licensing of businesses, the Government argues that the August 25, 2004 notice of abandonment from DHS renders this appeal moot. *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278 (2001); *San Lazaro Ass'n, Inc. v. Connell*, 286 F.3d 1088, 1096 (9th Cir. 2002). However, this line of authority is inapposite and insufficient to carry the argument successfully that Oseguera's appeal is moot.

**[2]** Initially, Oseguera's appeal is distinct from the business licensing cases in that those cases involve the party-in-interest voluntarily agreeing to forego the particular benefit that they contend some form of state action has denied them. *City News*, 531 U.S. at 281 (petitioner voluntarily withdrawing renewal license for adult business alleged to have been

improperly withheld in violation of the First Amendment); *San Lazaro*, 286 F.3d at 1096 (plaintiff voluntarily cancelling its license to operate as a Medicaid provider). Here, there is no question that the actions that purport to render the case moot were not undertaken by Oseguera. Indeed, it is imprecise even to argue, as the Government does, that the DHS letter shows that Oseguera's employer "abandoned" his I-140 petition. What that letter actually reflects is an administrative determination by the DHS that it has denied the application because the agency itself has deemed it abandoned.[2] The agency denial of the I-140 Petition is an additional fact that bears on whether the panel should deny Oseguera's underlying petition seeking relief from the BIA order denying reopening. But simply because the Government is able to tender facts to show that it will prevail on the merits does not mean that the Petition has been rendered moot. There is still a live controversy between the Government and Oseguera as to whether he may gain any relief from the BIA's July 23, 2003 order.

**[3]** In sum, the Government has not carried its "heavy burden" of showing that it is "absolutely clear" that Oseguera no longer has a cognizable legal interest in the outcome of this Petition.

## B.    The BIA's ruling was not an abuse of discretion.

We now address whether the BIA abused its discretion by denying Oseguera's motion to reopen. On rehearing, Oseguera reiterates many of the same ineffective assistance of counsel arguments presented earlier in this petition for review. Due

---

[2]The material that Oseguera submitted to modify the record proves the point. The Hansen affidavit does not reveal any intention to "abandon" the prior I-140 application. Thus, while it may have been proper for the agency to deny the application based on a determination that it had been abandoned for purposes of compliance with agency regulation, that is not equivalent to a voluntary withdrawal of the request for relief.

to the statutory bar against discretionary relief in cases where the petitioner has overstayed the period for voluntary departure, however, the court cannot grant him relief.

**[4]** There is no dispute that Oseguera's motion to reopen was filed after the period for voluntary departure had elapsed. Accordingly, the BIA was not simply correct to deny the motion; it was compelled to do so by the operation of 8 U.S.C. § 1229c(d)(1) ("if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien . . . shall be ineligible, for a period of 10 years, to receive any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title."); *see also Dada v. Mukasey*, 128 S. Ct. 2307, 2318 (2008) ("Alternatively, if the alien wishes to pursue reopening and remains in the United States to do so, he or she risks expiration of the statutory period and ineligibility for adjustment of status, the underlying relief sought.") (citing 8 U.S.C. § 1229c(d)(1)).

**[5]** Moreover, as the complete record indicates, the BIA was precluded from hearing Oseguera's arguments that were premised on "exceptional circumstances," because the IIRIRA amendments to the immigration statutes removed any ability to rely on "exceptional circumstances" in cases where the petitioner has overstayed the voluntary departure period. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) ("In his motion to reopen, Petitioner sought to excuse his failure to depart based on 'exceptional circumstances.' Congress eliminated the 'exceptional circumstance' justification when it passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Compare* 8 U.S.C. § 1229c(d) (2006) with *id*. § 1252b(e)(2)(A) (repealed 1996)."). Likewise, Oseguera's inability to establish eligibility for relief at the time he filed his motion to reopen is an independent and sufficient ground for the BIA's denial of the motion. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869-70 (9th Cir. 2003) ("prima facie eligibility for the relief sought is a prereq-

uisite for the granting of a motion to reopen"). Thus, the BIA's denial of the motion to reopen was appropriate on all of the grounds stated in its complete order.

**[6]** Oseguera counters that both the failure to file a timely motion to reopen and his incomplete application were the result of his prior counsel's ineffectiveness. Even assuming that Oseguera's allegations amount to ineffective assistance of counsel, the statutory bars on relief would nonetheless control the disposition of his appeal. Prior to the IIRIRA amendments, a failure to timely voluntary depart due to counsel's ineffectiveness had been treated as an "exceptional circumstance." *See Varela v. INS*, 204 F.3d 1237, 1240 n.6 (9th Cir. 2000) ("Varela's failure to depart the United States by a voluntary departure deadline—ordinarily a bar to adjustment of status—may be excused in 'exceptional circumstances.' "). Oseguera points to no authority that would permit an ineffective assistance of counsel claim to trump the statutory prohibition on "exceptional circumstance" arguments in cases where the voluntary departure period has passed. Moreover, because the IIRIRA amendments withdraw the "exceptional circumstances" avenue for relief, there is no prejudice to Oseguera resulting from the alleged ineffective assistance. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004) (to prevail on a due process claim founded on ineffective assistance of counsel, petitioner must demonstrate " 'substantial prejudice' " resulting from the ineffectiveness). Put differently, the BIA could not have granted Oseguera relief, so there was no prejudice resulting from the alleged ineffective assistance. Finally, because the I-140 Petition was deemed abandoned, on remand all that the BIA could plausibly accomplish is issuance of a redundant statement that Oseguera still has not demonstrated prima facie eligibility for any discretionary relief.

## III.  CONCLUSION

For the reasons stated above, we withdraw our prior opinion and DENY the petition for review.