**Francisca Flores FERNANDEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73887.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.\*

Filed March 9, 2009.

Francisca Flores Fernandez, El Monte, CA, pro se.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esquire, Mary Lee Quinn, Esquire, Trial, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM \*\*

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

We have reviewed the response to the court's order to show cause. An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must

2004). Reassignment is not warranted in this case.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioner's motion to reopen was filed on June 30, 2008, more than a year after the BIA's March 19, 2007 final order. Because the motion was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

We also note that petitioner has overstayed voluntary departure and is therefore statutorily ineligible for discretionary relief. 8 U.S.C. § 1229c(d)(1); *Granados–Oseguera v. Mukasey*, 546 F.3d 1011 (9th Cir.2008).

Accordingly, summary disposition is appropriate because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**