shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

**Mario VILLALOBOS–MEDINA;
et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–73735.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Mario Villalobos–Medina, Orange, CA, pro se.

Rebecca Ariel Hoffberg, Esquire, Trial, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM **

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' fourth motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

The regulations state that a motion to reopen proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. Petitioners' final administrative order of removal was entered on September 14, 2004. Petitioners' motion to reopen was filed on March 4, 2008, more than ninety days after the date on which the final order of deportation was entered. Further, petitioners have not established that any exceptions to this time limit apply. *See id.*

Further, the regulations state that a party may file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Therefore,

the BIA did not abuse its discretion in denying petitioners' fourth motion to reopen as also barred by numerical limitations.

Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Further, this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte*. *See Ekimian v. INS*, 303 F.3d 1153 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss in part is granted.

Finally, we note that petitioners have overstayed voluntary departure and are statutorily ineligible for discretionary relief. 8 U.S.C. § 1229c(d)(1); *Granados–Oseguera v. Mukasey*, 546 F.3d 1011 (9th Cir.2008).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.