**Ismael Romero CASTILLO; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73695.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judith L. Wood, Esquire, Law Offices of Judith L. Wood & Jesse A. Moorman, Los Angeles, CA, for Petitioners.

OIL, Carol Federighi, Esquire, Senior Litigation Counsel, Eric Warren Marsteller, Esquire, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen. *See id.*

■ Further, the Board of Immigration Appeals did not abuse its discretion by denying the motion to reopen where petitioners had overstayed the period of voluntary departure and therefore were ineligible for the requested relief. *See* 8 U.S.C. § 1229c(d)(1); *Granados–Oseguera v. Mukasey,* 546 F.3d 1011, 1015–16 (9th Cir. 2008) (per curiam).

Accordingly, respondent's unopposed motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent petitioners seek review of the BIA's refusal to reopen proceedings sua sponte, this court lacks jurisdiction to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review the agency's decision not to exercise its sua sponte authority under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**