**Margarita FLORES–OTERO;
et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–74680.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Margarita Flores–Otero, Anaheim, CA, pro se.

Iseliz Flores Otero, Anaheim, CA, pro se.

Maria Magdalena Flores Otero, Anaheim, CA, pro se.

OIL, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Kristin Edison, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge,
HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' third motion to reopen removal proceedings.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that mo-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioners' final orders of removal were entered on April 21, 2005. Because petitioners' third motion to reopen was filed on July 7, 2008, beyond the 90–day deadline, and petitioners do not contend that any exceptions to the time and number limits apply, the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely and barred by numerical limitations. *See id.* Further, the BIA did not abuse its discretion by denying the motion to reopen where it correctly determined that petitioners had overstayed the period of voluntary departure and were therefore ineligible for the requested relief. *See* 8 U.S.C. § 1229c(d)(1); *Granados–Oseguera v. Mukasey,* 546 F.3d 1011, 1015–16 (9th Cir. 2008) (per curiam).

Accordingly, we summarily deny this petition for review because the questions raised are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.