MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order de *514 nying petitioners’ motion for reopening and reconsideration.
We review the BIA’s ruling on a motion to reopen and a motion to reconsider for abuse of discretion. See Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008), Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004).
We have reviewed the response to the court’s October 29, 2008 order to show cause, and we dismiss this petition for review for lack of jurisdiction with respect to the denial of the motion to reopen. See 8 U.S.C. § 1252(a)(2)(B)(i); Fernandez v. Gonzales, 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals’ denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).
We deny the petition for review with ■ respect to the BIA’s denial of the motion to reconsider. An alien who is subject to a final order of removal is limited to filing one motion to reconsider removal proceedings. A motion reconsider must be filed within 30 days of the entry of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners’ motion to reconsider was filed beyond the deadlines, the BIA did not abuse its discretion in denying petitioners’ motion as untimely. See id.
Finally, we note that petitioners have overstayed voluntary departure and are statutorily ineligible for discretionary relief. 8 U.S.C. § 1229c(d)(l); Granados-Oseguera v. Mukasey, 546 F.3d 1011 (9th Cir.2008).
All other pending motions are denied as moot.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.