FILED

**NOT FOR PUBLICATION**

APR 07 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON RAMOS-JIMENEZ, a.k.a. Fidel Ramos Jimenez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 08-70444 <br><br> Agency No. A070-210-980 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2010
Pasadena, California

Before: GOULD, IKUTA, and N.R. SMITH, Circuit Judges.

Ramon Ramos-Jimenez, a native and citizen of Mexico, petitions for review

of the decision by the Board of Immigration Appeals (BIA) denying his motion to

reconsider the denial of his motion to reopen.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.    The BIA did not err in construing the motion to reconsider, in part, as a motion to reopen, as Petitioner submitted new evidence in support of his motion. Therefore, the BIA did not err in finding that the motion, to the extent that it was a motion to reopen, was numerically barred. *See* 8 C.F.R. § 1003.2(c)(2).

2.    We do not lack jurisdiction over Ramos's claim that the BIA abused its discretion in denying the motion to reconsider, because the BIA addressed the issue of prima facie eligibility. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040-41 (9th Cir. 2005) (en banc). The BIA held that "the respondent remains ineligible to apply for adjustment of status because the second Immigrant Petition for Alien Worker (Form I-140) filed on his behalf is still pending and has not yet been approved."

We cannot determine whether the BIA abused its discretion in denying Ramos's motion with regard to this issue. First, the BIA's statement above is inaccurate, because 8 C.F.R. § 1245.2(a)(2)(i) allows for the concurrent filing of both the I-140 and the I-485 (adjustment of status). Second, based upon our review of the applicable case law, regulations, and statutes, it is not clear whether an approved I-140 is required for the visa to be "immediately available," when the petitioner has an approved labor certificate with a priority date of April 20, 2001.

2

*See* 8 C.F.R. § 245.1(g); *see also Merchant v. U.S. Attorney Gen.*, 461 F.3d 1375, 1378-79 (11th Cir. 2006) ("Finally, Merchant has successfully completed all actions required by § 1255(i) to be performed by him and satisfied all of the statutory prerequisites of § 1255(i)—i.e., the timely filing of his application for labor certification, the approval thereof, and the appropriate filing of a Form I-140 (petition for visa) and of a Form I-485 (application for adjustment of status) with the DHS, as well as demonstrating that an immigrant visa number is immediately available."). Therefore, we remand to the BIA to review whether Ramos had an immediately available visa at the time of his motion to reopen. *See Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir. 2004) (remanding for the BIA to clarify the grounds for its decision).

Ramos also failed to depart prior to the expiration of the voluntary departure period. Whether the motion to reconsider must be denied for that reason is also unclear. *See Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015-16 (9th Cir. 2008) (per curiam). Ramos argues that he unilaterally withdrew his request for voluntary departure when he renewed his I-140 application. Whether an application for adjustment of status acts as a unilateral withdrawal of voluntary departure has not yet been addressed by the BIA, therefore we remand for the BIA

3

to address this issue in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam).

3.      The BIA did not err in finding that Ramos failed to demonstrate the requisite prejudice for his claim of ineffective assistance of counsel. Ramos asserts that his ineffective assistance of counsel claim arose out of the mishandling of his I-140 application. The acts claimed to be ineffective assistance of counsel occurred prior to and separate from the removal proceedings, therefore the BIA did not err in rejecting Ramos's claim. *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050-51 (9th Cir. 2008).

**DENIED IN PART, GRANTED IN PART and REMANDED.**