**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GABRIELA GOMEZ, | No. 09-71225 |
| Petitioner, | Agency No. A095-200-504 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Gabriela Gomez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of her second motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Gomez's second motion to reopen as untimely and numerically barred where the motion was filed over a year and a half after the BIA's final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Gomez failed to establish changed circumstances in Mexico to qualify for the regulatory exception to the time and numerical bar for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

The BIA also did not abuse its discretion by denying the motion to reopen as to her cancellation of removal claim, because it correctly determined that Gomez had overstayed the period of voluntary departure, and was therefore statutorily ineligible for the requested relief. *See* 8 U.S.C. § 1229c(d)(1); *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015-16 (9th Cir. 2008) (per curiam).

We grant Gomez's counsel's motion to withdraw as attorney of record. The Clerk shall amend the docket to reflect that Gomez is proceeding pro se. The Clerk

shall serve this order on Gomez at the address provided in the certificate of service:

21 S. Canada St. #B, Santa Barbara, CA 93103.

**PETITION FOR REVIEW DENIED.**