**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERTO MUNOZ-DIAZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 10-71760 <br> 11-70007 <br><br> Agency No. A073-391-555 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

In these consolidated petitions for review, Gilberto Munoz-Diaz, a native

and citizen of Mexico, petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from an immigration judge's decision

denying Munoz-Diaz's application for adjustment of status and of the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

subsequent order denying Munoz-Diaz's motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011), review de novo questions of law, *Carrillo de Palacios v. Holder*, 662 F.3d 1128, 1130 (9th Cir. 2011), and review for abuse of discretion the denial of a motion to reopen, *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1014 (9th Cir. 2008). We deny the petitions for review.

Substantial evidence supports the BIA's determination that Munoz-Diaz did not testify credibly about his entry into the United States in May 2000 because his testimony contained a significant falsehood and exhibited persistent evasiveness and unresponsiveness. *See Singh*, 643 F.3d at 1181 ("An [alien] who lies to immigration authorities casts doubt on his credibility and the rest of his story."); *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) ("We have also upheld an adverse credibility finding where the petitioner . . . failed to clarify her answers despite multiple opportunities to do so.").

Because Munoz-Diaz did not provide clear and convincing evidence that he last entered the United States lawfully, the BIA correctly concluded that Munoz-Diaz was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without first having been admitted or paroled and that his inadmissibility

rendered him statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(a). *See Lopez-Chavez v. INS*, 259 F.3d 1176, 1181 (9th Cir. 2001) ("If the alien fails to meet this burden, he is presumed to be in the United States in violation of the law . . . .").

The BIA also correctly concluded that Munoz-Diaz was statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(i) because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) for having reentered the United States without being admitted after previously accruing more than one year of unlawful presence. *See Garfias-Rodriguez v. Holder*, No. 09-72603, 2012 WL 5077137, at *7 (9th Cir. Oct. 19, 2012) (en banc). Munoz-Diaz's reentry after only two months of remaining outside of the country precludes him from qualifying for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(ii). *See Carrillo de Palacios*, 662 F.3d at 1132. The BIA did not err in retroactively applying *Matter of Briones*, 24 I. & N. Dec. 355, 371 (BIA 2007), to Munoz-Diaz's case because his departure from the United States in March 2000 under a 1999 order of voluntary departure does not indicate reasonable reliance on preexisting law. *See Garfias-Rodriguez*, 2012 WL 5077137, at *14 (describing the time period for establishing reasonable reliance on case law predating *Matter of Briones*). Accordingly, the BIA did not abuse its discretion by denying Munoz-Diaz's motion to reopen to seek adjustment

of status in conjunction with a waiver of inadmissibility under 8 U.S.C.

§ 1182(a)(9)(C)(ii). *See Granados-Oseguera*, 546 F.3d at 1016 (observing that prima facie eligibility for relief is a prerequisite for reopening).

Finally, to the extent Munoz-Diaz now challenges the validity of the 1999 order of voluntary departure, this claim is not properly before us. *See Carrillo de Palacios*, 662 F.3d at 1131-32 ("[A]n alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in the absence of a gross miscarriage of justice at the prior proceeding." (quotation marks and internal citation omitted)).

We deny as moot Munoz-Diaz's motion to stay these proceedings.

**PETITIONS FOR REVIEW DENIED.**

4                                                                10-71760, 11-70007