**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| XINHUI WANG | No. 08-71194 |
| Petitioner, | Agency No. A75-711-417 |
| v. | |
| ERIC H. HOLDER, JR., U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2013
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL,[**] District Judge.

Petitioner Xinhui Wang, a native of the People's Republic of China,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

affirming the Immigration Judge's (IJ) denial of her motion to reopen her 2002

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[**]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

application for asylum on the alternative grounds of ineffective assistance of counsel and changed country conditions. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review the Board's denial of a motion to reopen deportation proceedings for abuse of discretion. *Grandos-Oseguera v. Mukasey*, 546 F.3d 1011, 1014 (9th Cir. 2008). Pursuant to 8 C.F.R. § 1003.23(b)(4)(ii), an order entered in absentia in removal proceedings may be rescinded upon a motion to reopen filed within 180 days of the final removal order and showing "exceptional circumstances" for the alien's failure to appear.

Petitioner alleged the exceptional circumstance of ineffective assistance of counsel. However, Petitioner filed her motion to reopen more than five years after the final removal order. Even if we accepted Petitioner's argument that equitable tolling applies due to the fraudulent conduct of her immigration consultant, the limitations period is tolled only until a petitioner learns of the fraud, at which point, the limitations period begins to run again. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003). At the latest, Petitioner learned of her immigration consultant's fraud on May 2, 2006. Petitioner's motion was not filed until March 9, 2007, well after the 180-day period expired. Thus, we conclude that the BIA did not abuse its discretion in dismissing the motion to reopen on the ineffective

assistance of counsel ground as untimely.

Alternatively, Petitioner alleges changed country conditions in regard to China's family planning policies. "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) of this title and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii). We review findings of fact concerning changed country conditions for substantial evidence. *Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010). We conclude that substantial evidence supports the BIA's determination that Petitioner failed to establish changed country conditions.

**PETITION DENIED.**