FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO SANCHEZ-GONZALEZ, Petitioner, v. ERIC H. HOLDER, JR., Attorney General, Respondent. | No. 05-71149 Agency No. A079-565-632 MEMORANDUM[*] |
| ANTONIO SANCHEZ-GONZALEZ, Petitioner, v. ERIC H. HOLDER, JR., Attorney General, Respondent. | No. 05-75007 Agency No. A079-565-632 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 11, 2013[]
San Francisco, California

Before:     TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior
            District Judge[***]

In these consolidated petitions, Antonio Sanchez-Gonzalez ("Sanchez")

seeks review of the Board of Immigration Appeals' ("BIA") denial of two motions

to reopen.  We deny the petitions.

**1.**     In the underlying removal proceedings, the Immigration Judge had

denied Sanchez's application for cancellation of removal.  The BIA agreed, but it

granted Sanchez's request for voluntary departure.  Sanchez subsequently failed to

depart (or to file a motion to reopen or petition for review) within the specified

period.  Sanchez, through a second attorney, then filed a motion to reopen several

months late.  The BIA denied this motion as untimely and it declined to equitably

toll the filing deadline.  The BIA also held that the failure to depart rendered

Sanchez ineligible for the underlying relief requested, *i.e.*, cancellation of removal.

Sanchez hired a third lawyer to file a second motion to reopen.  This motion

asserted that the failure to depart should be excused due to the ineffectiveness of

---

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

the two prior attorneys. The BIA again ruled that Sanchez was ineligible for relief due to his failure to depart within the specified period. It also noted that Congress had abolished the "exceptional circumstances" exception to voluntary departure penalties. *See* 8 U.S.C. § 1229c(d).

**2.** Sanchez argues that he should have been excused from the voluntary departure penalties due to the ineffectiveness of his prior counsel.[1] This contention is foreclosed by *Granados-Oseguera v. Mukasey*, 546 F.3d 1011 (9th Cir. 2008) (per curiam). In that case, we held that ineffective assistance cannot excuse the failure to voluntarily depart within the specified period. *Id*. at 1016 ("Oseguera points to no authority that would permit an ineffective assistance of counsel claim to trump the statutory prohibition on 'exceptional circumstance' arguments in cases where the voluntary departure period has passed."). Although we have carved an exception from this rule for petitioners who never receive notice of the voluntary departure order, *Singh v. Holder*, 658 F.3d 879, 887-88 (9th Cir. 2011), Sanchez conceded that he received a copy of the BIA's order and that his counsel explained that he had only thirty days to depart.

---

[1] The government contends that Sanchez has failed to exhaust this claim. We disagree. Although Sanchez did not raise the precise theory that he advances in his petition for review, his briefing to the BIA on both motions to reopen did argue that his failure to voluntary depart was due to ineffective assistance. We may accordingly reach the merits.

**3.** Sanchez also asserts that there is an "irreconcilable conflict" between the voluntary departure period and the motion to reopen period. A conflict has indeed been recognized – and remedied – for petitioners who file a timely motion to reopen before the expiration of the voluntary departure period. *See Dada v. Mukasey*, 554 U.S. 1, 18 (2008). But for an alien like Sanchez who filed his motion *after* the departure period has expired, there is no conflict and the departure penalties must be enforced. *De Martinez v. Ashcroft*, 374 F.3d 759, 763-64 (9th Cir. 2004) (rejecting petitioner's argument that she should be permitted to file a motion to reopen within the ninety-day window for such motions even though she had overstayed the voluntary departure period).

**4.** Finally, Sanchez argues that the BIA erroneously denied his motion to reissue the underlying merits decision. This claim of error is premised on the same arguments he makes with respect to the motions to reopen; accordingly, it too is unavailing.

**PETITION DENIED.**