**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ZEPEDA-RUIZ, | No. 12-70680 |
| Petitioner, | Agency No. A075-759-000 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:      ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

David Zepeda-Ruiz, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying his motion to

reopen.  We have jurisdiction under 8 U.S.C. § 1252.  Reviewing for abuse of

discretion the BIA's denial of the motion to reopen, *Granados-Oseguera v.*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 546 F.3d 1011, 1014 (9th Cir. 2008) (per curiam), we deny the petition for review.

The BIA did not abuse its discretion by denying Zepeda-Ruiz's motion to reopen due to his lack of prima facie eligibility for relief from removal because his failure to depart the United States in accordance with his grant of voluntary departure rendered him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229c(d)(1); *see also Granados-Oseguera*, 546 F.3d at 1015 ("[Where a] motion to reopen [i]s filed after the period for voluntary departure ha[s] elapsed . . . , the BIA [i]s not simply correct to deny the motion; it [i]s compelled to do so by the operation of 8 U.S.C. § 1229c(d)(1)."). Our case law forecloses Zepeda-Ruiz's contention that his claim of ineffective assistance of counsel surmounts the voluntary-departure bar. *See Granados-Oseguera*, 546 F.3d at 1016 ("Even assuming . . . ineffective assistance of counsel, the statutory bars on relief would nonetheless control . . . .").

Zepeda-Ruiz's contentions regarding equitable tolling and continuous physical presence fall beyond the scope of our review. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**PETITION FOR REVIEW DENIED.**