**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIVIA VARGAS-VILLA, | No. 11-74024 |
| Petitioner, | Agency No. A092-880-579 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Olivia Vargas-Villa, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion to reopen, *Granados-Oseguera v. Mukasey*, 546 F.3d 1011,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1014 (9th Cir. 2008) (per curiam), and we deny the petition for review.

The BIA did not abuse its discretion by denying Vargas-Villa's motion to reopen due to her lack of prima facie eligibility for relief from removal because her failure to depart the United States in accordance with her grant of voluntary departure rendered her statutorily ineligible for cancellation of removal and adjustment of status. *See* 8 U.S.C. § 1229c(d)(1); *see also Granados-Oseguera*, 546 F.3d at 1015 ("[Where the] motion to reopen was filed after the period for voluntary departure had elapsed . . . the BIA was not simply correct to deny the motion; it was compelled to do so by the operation of 8 U.S.C. § 1229c(d)(1)."). Our case law forecloses Vargas-Villa's contention that her claim of ineffective assistance of counsel surmounts the voluntary departure bar. *See id.* at 1016 ("Even assuming . . . ineffective assistance of counsel, the statutory bars on relief would nonetheless control . . . .").

**PETITION FOR REVIEW DENIED.**

11-74024