**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

CARLOS JAVIER MONTANEZ SOTO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-71368

Agency No. A095-763-017

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Carlos Javier Montanez Soto, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen and his motion to reconsider removal proceedings.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to reopen and reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Montanez Soto's motion to reopen as untimely where the motion was filed more than 90 days after the final order of removal, and where Montanez Soto failed to demonstrate a material change in country conditions in Mexico to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. §§ 1003.2(c)(2), (3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to reopen where petitioner failed to submit material evidence of qualitatively different country conditions).

To the extent Montanez Soto contends that the denial of his motion to reopen to apply for CAT relief would be a due process violation, his contention fails. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The BIA sufficiently explained its rationale in denying sua sponte reopening. *Najmabadi*, 597 F.3d at 990 ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."

19-71368

(internal quotation marks and citation omitted)). Montanez Soto's contention that the BIA erred in denying sua sponte reopening for failure to demonstrate exceptional circumstances does not otherwise raise a legal or constitutional error to invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." (citation and internal quotation marks omitted)).

The BIA also did not abuse its discretion in denying Montanez Soto's motion to reconsider where he failed to identify any error of law or fact in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must identify errors of fact or law in a prior decision); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (the BIA abuses its discretion if it acts arbitrarily, irrationally, or contrary to law); *see also Granado-Oseguera v. Mukasey*, 546 F.3d 1011, 1015-16 (9th Cir. 2008) (recognizing that failure to comply with a voluntary departure order renders an applicant statutorily ineligibility for cancellation of removal for 10 years).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**