NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR TRUJILLOS SILVA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 18-71134 Agency No. A074-797-189 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022[**]
San Francisco, California

Before: W. FLETCHER and COLLINS, Circuit Judges, and FEINERMAN,[***] District Judge.

Salvador Trujillos Silva, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") denying his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

reopen his removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review for abuse of discretion the BIA's denial of Silva's motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). The petition for review is denied.

In 2014, Silva moved the BIA to reopen his removal proceedings so that he could seek an I-601A provisional unlawful presence waiver. At the time, the governing regulation made him ineligible for an I-601A waiver unless his removal proceedings were reopened and then administratively closed. *See* 8 C.F.R. § 212.7(e)(4)(v), (vi) (2014). In a 2014 decision, the BIA failed to give Silva's motion reasoned consideration, so we granted his petition for review and remanded. *Silva v. Sessions*, 715 F. App'x 628, 630 (9th Cir. 2017). On remand, the BIA again denied Silva's motion, reasoning that, under a 2016 amendment to the regulation, Silva "does not need to have his removal proceedings reopened or administratively closed to be able to apply for a provisional unlawful presence waiver." Silva then filed the present petition for review.

1. The petition is not moot. "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted). Although the 2016 amendment to the regulation "bears on whether the panel should deny [Silva's] underlying petition seeking relief from the BIA order

2

denying reopening," that amendment "does not mean that the [p]etition has been rendered moot." *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015 (9th Cir. 2008). If the BIA had misinterpreted the amended regulation, or otherwise abused its discretion, granting the petition for review and remanding would provide effectual relief to Silva.

2. The BIA did not abuse its discretion in denying the motion to reopen. Its decision correctly stated that, under the amended regulation, Silva can apply for an I-601A provisional waiver even with a final order of removal. *See* 8 C.F.R. § 212.7(e)(4)(iv) (allowing individuals with final orders of removal to seek the provisional waiver if they first obtain consent to reapply for admission under 8 C.F.R. § 212.2(j)). It follows that the BIA reasonably concluded that there was no need to reopen and then administratively close his removal proceedings.

3. The BIA did not err in denying his motion to reopen on remand without first ordering supplemental briefing on the amended regulation. *See Theagene v. Gonzales*, 411 F.3d 1107, 1113 (9th Cir. 2005) ("Though a tribunal often requests supplemental briefs in such cases [involving an intervening change in law], applying new law to a pending case without notice does not, under any authority cited to us, offend due process."). Silva could have sought leave to file a supplemental brief after his case was remanded. *See id.* ("[P]ublication of controlling legal authority … provide[s] sufficient notice and an opportunity to

3

address the legal issues raised in that authority in a motion … for leave to file a supplemental brief."); BIA Practice Manual ¶ 4.6(g)(ii) ("If a party discovers new authority and wishes to file a supplemental brief, … the party should submit the brief along with a 'MOTION TO ACCEPT SUPPLEMENTAL BRIEF' … ."). Nothing in the record indicates that he did so. *Cf. Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010) (holding that, where a petitioner moved to file a supplemental brief, "the BIA was required to *exercise* [its] discretion" whether to consider the brief).

**PETITION DENIED.**