NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO RIOS AVALOS, | No. 21-1170 |
| Petitioner, | Agency No. A206-265-948 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2023**
San Francisco, California

Before: MURGUIA, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

Jose Antonio Rios Avalos, a citizen of Mexico, petitions for review of the

Board of Immigration Appeals' decision affirming an immigration judge's denial of

his motion to reopen his removal proceedings to seek cancellation of removal.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Exercising jurisdiction under 8 U.S.C. § 1252 and reviewing the denial of a motion to reopen for abuse of discretion, *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022), we deny Rios's petition.

The Board did not abuse its discretion by denying Rios's motion. Because Rios failed to depart the United States on or before April 9, 2016, in accordance with his sixty-day grant of voluntary departure, he became statutorily ineligible for cancellation of removal for ten years, or until April 9, 2026. *See* 8 U.S.C. § 1229c(d)(1) (if a noncitizen "permitted to depart voluntarily . . . fails to depart the United States within the time period specified," they "shall be ineligible, for a period of 10 years, to receive" cancellation of removal); *Dada v. Mukasey*, 554 U.S. 1, 10 (2008) ("The voluntary departure period in no event may exceed 60 . . . days . . . ."); *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015 (9th Cir. 2008) ("[A]fter the period for voluntary departure ha[s] elapsed[,] . . . the [Board is] not simply correct to deny the motion; it [is] compelled to do so by the operation of 8 U.S.C. § 1229c(d)(1) . . . .").

We need not address Rios's remaining contentions. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam))).

***

2

**PETITION DENIED.**[1]

---

[1] Rios's motion to supplement the record (Doc. 8) is denied.