**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL PEDROZA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73266

Agency No. A095-584-542

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 1, 2011[**]
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and GERTNER, District
Judge.[***]

Miguel Pedroza, a native and citizen of Mexico, petitions for review of an

order by the Board of Immigration Appeals ("BIA") denying his motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Nancy Gertner, District Judge for the U.S. District
Court for Massachusetts, Boston, sitting by designation.

alleging ineffective assistance of counsel.  We grant the petition for review.
Because the parties are familiar with the factual and procedural background, we
need not recount it here.

I

The BIA erred when it held that Pedroza had not satisfied the requirements
of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  In *Lozada*,

> the BIA held that an alien alleging ineffective assistance of counsel must: (1)
> submit an affidavit explaining in detail the agreement that was entered into
> with prior counsel regarding legal representation, (2) submit evidence that he
> has informed prior counsel of the allegations of ineffective assistance and
> provided the attorney with an opportunity to respond, and (3) if violation of
> ethical or legal responsibilities is alleged, file a complaint with proper
> disciplinary authorities or explain why such a complaint has not been filed.

*Puga v. Chertoff*, 488 F.3d 812, 816 (9th Cir. 2007) (citing *Lozada*, 19 I. & N. Dec.
at 639).  Where, as here, "the record shows 'a clear and obvious case of ineffective
assistance,'" we have "not required strict compliance with [the] *Lozada*
requirements."  *Id.* (quoting *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir.
2002)).  Pedroza has complied with *Lozada* and the BIA abused its discretion when
it concluded otherwise.

The BIA stated only that Pedroza "failed to establish that he provided his
former attorney with notice of the allegations against him or an opportunity to
respond."  To the contrary, Pedroza's motion to reopen stated that he had

-2-

"informed [Hollister] of [his] claim, and [gave] him an opportunity to respond, by serving him with a copy of [the] motion." Neither the BIA in its decision nor the government on appeal provides any meaningful reason why this does not constitute "evidence that counsel was informed of the allegations and allowed to respond." *Reyes v. Ashcroft*, 358 F.3d 592, 598 (9th Cir. 2004) (quotation omitted). The government additionally argues that Pedroza's attaching the State Bar of California Complaint Form against Hollister as an exhibit to his motion to reopen was insufficient to satisfy *Lozada*'s third requirement, but this is clearly "an indication that a complaint has been lodged with the bar." *Id.* (quotation omitted). The BIA abused its discretion when it held that Pedroza did not satisfy *Lozada*'s requirements.

## II

After issuing its decision in Pedroza's case, the BIA concluded in *Matter of Zmijewska*, 24 I. & N. Dec. 87 (BIA 2007) that the bar on cancellation of removal in 8 U.S.C. § 1229c(d)(1) does not apply where the "alien, through no fault of his or her own, is unaware of the voluntary departure order." 24 I. & N. Dec. at 94. The BIA further concluded that ineffective assistance of counsel meant that Zmijewska "did not 'voluntarily' fail to depart within the period of voluntary departure." *Id.* at 95.

Pedroza qualifies for this exception. While the BIA may have provided Pedroza's attorney with written notice of its decision, it was not its practice at the time to also provide aliens with such notice,[1] and Pedroza declared that his attorney "never spoke or met with [him] during" the relevant time when he might have learned of the BIA's grant of voluntary departure, this court's temporary stay, and the lifting of that stay when this court's mandate issued.

Our court's decision in *Granados-Oseguera v. Mukasey*, 546 F.3d 1011 (2008) is distinguishable. As in the case at bar, in *Granados-Oseguera* the petitioner sought review of the BIA's denial of an ineffective assistance-based motion to reopen in part because the petitioner had overstayed his voluntary departure deadline. *Id.* at 1013. However, in that case, the petitioner was by all accounts aware of the BIA's decision and the relevant deadlines for voluntary departure, but argued that he relied on his counsel's assurances that his overstay would be excused. *Id.* at 1014. Here, by contrast, Pedroza alleges that as a result of Hollister's ineffective assistance he never received notice of the BIA's decision, and was unaware of the voluntary departure deadline. The *Granados-Oseguera*

---

[1] Only after the Attorney General issued his decision in *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009), was the BIA required to send "courtesy copies" of its final decisions directly to respondents, in addition to those copies sent to respondents' lawyers.

observation that the BIA is statutorily required to deny a motion to reopen when the petitioner has overstayed the voluntary departure period, 546 F.3d at 1015–16, is inapplicable where, as here, petitioner's argument is that his ineffective counsel is solely responsible for the overstay, which therefore is not "voluntary." *See Zmijewska*, 24 I. & N. Dec. at 94–95.

Accordingly, we remand to allow the BIA to consider Pedroza's motion to reopen in light of *Zmijewska.*

**PETITION GRANTED; REMANDED.**