FILED



**NOT FOR PUBLICATION**

DEC 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISPIN ROJAS and MA DE LOURDES ROJAS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 06-75168 <br><br> Agency Nos. A095-576-451 <br> A095-576-452 <br><br> MEMORANDUM[*] <br> and ORDER |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 25, 2011
San Francisco, California

Before: **GRABER** and **IKUTA**, Circuit Judges, and **QUIST**, Senior District
Judge.[**]

Crispin Rojas and Ma De Lourdes Rojas, natives and citizens of Mexico,

petition for review of an order of the Board of Immigration Appeals ("BIA") denying

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Gordon J. Quist, Senior United States District Judge
for the Western District of Michigan, sitting by designation.

their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002). Questions of law are reviewed de novo. *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1014 (9th Cir. 2008) (per curiam).

The BIA did not abuse its discretion in denying the motion to reopen. Even with the benefit of the 60-day departure period, Petitioners were statutorily ineligible for relief because they failed to depart the United States before their voluntary departure period expired. 8 U.S.C. § 1229c(d)(1); *see Granados-Oseguera*, 546 F.3d at 1016 (holding that the statutory bar on relief precluded the petitioner from relying on ineffective assistance of counsel as an "exceptional circumstance" excusing a failure to depart within the required time).

Petitioners' prior petition cannot be considered a request for a stay. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order) ("Unlike a motion for stay of removal, a petition for review is not similar to a motion for stay of voluntary departure, nor are the standards governing the two requests for relief."). While we must afford pro se alien submissions a liberal construction, *Sembiring v. Gonzales*, 499 F.3d 981, 990 (9th Cir. 2007), a petitioner must give us something to liberally construe in the first instance. Petitioners failed to do so. Moreover, there is no automatic stay of voluntary departure while an alien pursues a petition for review

before this court. *Desta v. Ashcroft*, 365 F.3d 741, 746 (9th Cir. 2004) (citing *Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir. 2003)).

**PETITION FOR REVIEW DENIED**.[1]

---

[1] Petitioners' motion for judicial notice is granted.