**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE ENRIQUE RODRIGUEZ SERRANO,
                    *Petitioner,*

            v.

ALBERTO R. GONZALES, Attorney
General,

                    *Respondent.*

No. 04-75579

Agency No.
A79-274-199

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2006*
San Francisco, California

Filed December 5, 2006

Before: Susan P. Graber, M. Margaret McKeown, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Graber

---

*This panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

Frank P. Sprouls, Law Office of Ricci & Sprouls, San Francisco, California, for the petitioner.

David E. Dauenheimer, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

GRABER, Circuit Judge:

Petitioner Jose Enrique Rodriguez Serrano appeals the Board of Immigration Appeals' ("BIA") denial of his untimely motion to reopen his removal proceedings.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner is a Mexican citizen who entered the United States without inspection by an immigration officer in 1989. On March 29, 2001, Petitioner filed an application for asylum. That application was referred to the immigration court on May 24, 2001. The immigration court issued a notice to appear charging Petitioner with being subject to removal under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1182(a)(6)(A)(i).

On June 18, 2001, Petitioner appeared with counsel before the immigration judge ("IJ"), admitted that he was removable,

and applied for cancellation of removal under INA § 240A(b)(1). 8 U.S.C. § 1229b(b)(1). The IJ found Petitioner removable and denied his application for cancellation of removal. In an order dated June 4, 2003, the IJ granted Petitioner's application for voluntary removal and provided Petitioner 60 days to leave the country.

On June 17, 2003, Petitioner filed a Notice of Appeal. The BIA affirmed without opinion the IJ's order and provided Petitioner 30 days from its May 20, 2004, order to voluntary depart.

Petitioner failed to depart. On August 18, 2004, Petitioner filed a motion to reopen his removal proceedings. Petitioner was still in the country at the time he filed. In his motion to reopen, Petitioner stated that he remained in the country because his wife was pregnant and gave birth to a child with medical problems. In his motion to reopen, he argued that these facts "fulfill the exceptional circumstance for failure to report for Voluntary Departure." He also argued that he received ineffective assistance of counsel. The BIA denied Petitioner's motion to reopen as untimely.

Petitioner, who is still represented by the same lawyer who filed the untimely motion to reopen, appeals the BIA's denial on the grounds of ineffective assistance of counsel. Additionally, he asks this court to create an "exceptional circumstance" tolling exception to the Voluntary Departure statute. 8 U.S.C. § 1229c.

## STANDARD OF REVIEW

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). We review a petitioner's claim of ineffective assistance of counsel to determine whether "the denial of effective counsel rises to the level of a due process violation and was prejudi-

cial." *Granados-Oseguera v. Gonzales*, 464 F.3d 993, 994 (9th Cir. 2006).

## DISCUSSION

**[1]** In *Granados-Oseguera*, we held that where a petitioner was denied due process because of ineffective assistance of counsel, we remand a motion to reopen to the BIA for reconsideration. *Id.* at 997. To assert a valid due process ineffective assistance of counsel claim, a petitioner must demonstrate prejudice; namely, he must show that he has "plausible grounds for relief." *Id.* at 997-98 (citing *Ray v. Gonzales*, 439 F.3d 582, 588 (9th Cir. 2006)). Petitioner failed to do so here. In his motion to reopen, Petitioner sought to excuse his failure to depart based on "exceptional circumstances." Congress eliminated the "exceptional circumstance" justification when it passed the Illegal Immigrant Reform and Immigration Responsibility Act of 1996. *Compare* 8 U.S.C. § 1229c(d) (2006) *with id.* § 1252b(e)(2)(A) (repealed 1996).

**[2]** Petitioner argues for the first time on appeal for the creation of an "exceptional circumstance" equitable tolling exception to the current statute. That argument was not raised below and therefore is not properly before us. *See Ochave v. INS*, 254 F.3d 859, 867 (9th Cir. 2001).

Petition DENIED in part; DISMISSED in part.