Aurora GARCIA GARCIA, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 03–70804.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008.**

Filed April 24, 2008.

John S. Rogers, John S. Rogers & Associates, Las Vegas, NV, for Petitioner.

District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Leon–Benner, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and CLIFTON, Circuit Judges.

MEMORANDUM ***

Aurora Garcia Garcia, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order denying her motion to reopen to adjust status. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review BIA denials of motions to reopen for abuse of discretion. *Franco–Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir.2006). We conclude that the BIA did not abuse its discretion and accordingly deny the petition for review.

The BIA did not abuse its discretion by denying Garcia's motion on the grounds that she is statutorily ineligible for adjustment of status. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 provides that an alien who "fails voluntarily to depart" during her voluntary departure period "*shall* be ... ineligible, for a period of 10 years, to receive any further relief" including adjustment of status. 8 U.S.C. § 1229c(d)(1)(B) (2000) (emphasis added). We have held that the BIA may properly deny motions to reopen that are filed after the expiration of the voluntary departure period. *See de Martinez v. Ashcroft*, 374 F.3d 759, 763–64 (9th Cir. 2004) (denying relief where alien moved to reopen thirty days after the expiration of her voluntary departure period); *Barroso v. Gonzales*, 429 F.3d 1195, 1202 (9th Cir. 2005) ("Where an alien files his motion *after* his voluntary departure period has expired, the law in this circuit is clear that the BIA may properly deny the motion on that basis."). In this case, Garcia failed to depart during her voluntary departure period, and she filed her motion to reopen forty-seven days after that period ended. She is therefore ineligible for adjustment of status.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA also did not abuse its discretion by denying Garcia's motion in spite of her alleged "exceptional circumstances" because Congress specifically eliminated the "exceptional circumstances" justification for failing to depart within a specified departure period. *See Serrano v. Gonzales,* 469 F.3d 1317, 1318 (9th Cir.2006); *accord In re Znijewska,* 24 I & N Dec. 87, 92 (BIA 2007).

**PETITION FOR REVIEW DENIED.**