Chad EZAROUR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Chad Ezarour, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–75341, 06–73864.

United States Court of Appeals, Ninth Circuit.

Submitted March 19, 2008.*

Filed April 25, 2008.

Judith L. Wood, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, SKOPIL and HALL, Circuit Judges.

**MEMORANDUM****

Chad Ezarour, a native and citizen of Jordan, petitions for review of final decisions by the Board of Immigration Appeals (BIA) denying his motions to reopen removal proceedings. Although he withdrew his applications for relief from removal and agreed to voluntarily depart the United States, Ezarour sought to reopen his case, first based on his marriage to a United States citizen, and second based on changes to his personal circumstances and allegations that his attorney was ineffective. We deny both petitions for review.

The BIA denied Ezarour's first motion to reopen because it was not timely filed. Ezarour does not claim the motion was timely or assert he is entitled to equitable tolling. *See Toufighi v. Mukasey,* 510 F.3d 1059, 1063 n. 7 (9th Cir.2007) (noting "the ninety-day time limit is not jurisdictional and that in a proper case equitable tolling might apply"). Rather, he argues the Immigration Judge did not give him adequate notice of the consequences of failing to depart and 8 U.S.C. § 1229c(d) should not apply to an alien who overstays voluntary departure while a motion for reopening is pending. Because the BIA did not base its decision on those grounds, we decline to review them. *See Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1056 (9th Cir.2006) (noting "our review is confined to the BIA's decision and the bases

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

upon which the BIA relied") (internal quotation omitted).

Ezarour's second motion is not time barred because he claims changed country conditions. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021–22 (9th Cir.2004) (citing 8 C.F.R. § 1003.2(c)(3)(ii)). His claim of changed personal circumstances is not the same, however, as changed country conditions and therefore does not invoke the BIA's regulatory authority to reopen removal proceedings. *See He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir.2007). While Ezarour is not foreclosed from arguing that conditions in Jordan have changed, we agree with the BIA that Ezarour's documentary evidence "does not show that conditions have materially worsened" in Jordan.

Ezarour does not renew his contention that his attorney was ineffective other than to assert "the ineffective assistance of counsel, insofar as it appears in the record, should count as a contributing factor to permit the motion to reopen." Because he makes no argument in support of that statement, we deem the claim abandoned. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (declining to consider issue mentioned but not otherwise argued).

Finally, Ezarour argues as a matter of equity he should be permitted to adjust his status because he entered the United States legally and married a United States citizen. He submits that, because he would be eligible in ten years for such relief whether he stays or departs, "it should be in the national interest to allow him to stay and take care of his family here." That contention was not presented, however, to the BIA and therefore is waived. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir.2006) (refusing to

consider an argument raised for the first time on appeal); *see also Singh v. Gonzales*, 499 F.3d 969, 974 (9th Cir.2007) (noting petitioner's failure to exhaust administrative remedies precludes judicial review of unexhausted claim).

**PETITIONS FOR REVIEW DENIED.**