Amanda Leticia SALAZAR–MIRANDA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76500.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Sung U. Park, Esquire, Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

Amanda Leticia Salazar–Miranda, Lake Elsinore, CA, pro se.

Janet A. Bradley, Esquire, DOJ—U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Amanda Leticia Salazar–Miranda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen deportation proceedings held in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008), and review de novo due process claims, *Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir.2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying the motion to reopen because Salazar–Miranda was properly served with an Order to Show Cause ("OSC") that included a date, time and location for her hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (1993) (repealed) (a deportation order issued in absentia may be rescinded "if the alien demonstrates that the alien did not receive notice" of the hearing). The agency also did not abuse its discretion by denying the motion as untimely to the extent that Salazar–Miranda based the motion on "exceptional circumstances." 8 U.S.C. § 1252b(c)(3)(A) (1993) (repealed) (motion to reopen based on exceptional circumstances must be filed within 180 days of the deportation order).

Salazar–Miranda contends that because the government did not provide a copy of the OSC, the agency violated due process

by denying her motion without properly reviewing the evidence. As both the IJ and BIA orders indicate, however, the OSC was available for review by the agency as part of the administrative record. Salazar–Miranda therefore has not established a due process violation. *See Vargas–Hernandez*, 497 F.3d at 926.

We lack jurisdiction to consider Salazar–Miranda's contention that someone else signed her name on the OSC because she did not exhaust the contention before the agency. *See Rodriguez Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-