FILED

**NOT FOR PUBLICATION**

NOV 19 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERKABWA KIFLE,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 05-74218<br><br>Agency No. A71-620-116<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,[**] District
Judge.

Erkabwa Kifle, a native Ethiopian, petitions for review of the Board of

Immigration Appeals' (the "BIA") decision upholding the Immigration Judge's

(the "IJ") decision that Kifle was ineligible for asylum relief, under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lyle E. Strom, Senior United States District
Judge for the District of Nebraska, sitting by designation.

§ 1158 , withholding of deportation relief, under 8 U.S.C. § 1231(b)(3), or protection under the Convention Against Torture ("CAT"). The BIA adopted the IJ's conclusions that the conviction document Kifle presented, purporting to be an *in absentia* conviction and death sentence, was fraudulent and that Kifle had failed to present evidence necessitating asylum relief, withholding of deportation relief, or protection under the CAT.

Substantial evidence supports the IJ's conclusion that the conviction document Kifle presented was fraudulent. Specifically, the testimony and written report of William McCarthy, an immigration forensic documents examiner, are substantial evidence supporting the IJ's decision. While Kifle presented contradictory evidence indicating the conviction document was authentic, the IJ properly discredited this evidence, and the BIA found no clear error in the IJ's decision. *See Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 910 (9th Cir. 2004).

The IJ rejected as too speculative the dissent's view that delivery of a false document denotes a threat of harm from someone. Kifle did not appeal the issue to the BIA and it is therefore not before us. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006).

As a final note, the Court recognizes Kifle has not forfeited her right to voluntary departure, which the BIA previously granted pursuant to 8 U.S.C.

§ 1229c(b).  *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

PETITION FOR REVIEW DENIED.

*Kifle v. Holder*, 05-74218

Berzon, Circuit Judge, dissenting:

I would grant the petition and remand to the Board of Immigration Appeals (BIA) for further proceedings. As the government counsel recognized at argument, the BIA limited its holding to affirming the Immigration Judge's (IJ) conclusion that the Ethiopian court document is fraudulent, without passing on the IJ's decision to discount the brother's testimony. The majority now does the same. But whether the IJ's determination about the authenticity of the document is supported by substantial evidence is not necessarily determinative of Kifle's asylum claim. If the brother's testimony about receiving the document at the family home from three uniformed police is taken as credible, Kifle could still have a well-founded fear that the police would act on a fraudulent document, taking her into custody and harming or killing her. By skipping any assessment of the brother's credibility, the BIA fails to grapple with this possibility.

Moreover, the IJ's assessment of this asserted ground for a well-founded fear is certainly not self-evidently convincing. The IJ discounted the brother's testimony because it came from a person with motivation to lie, and also because "it turns [the document] into a . . . talisman . . . [whose] existence alone shows the danger to the respondent . . . [G]iving a talismanic

quality to [the] document is simple boot-strapping." **[AR 66]**

The first consideration – motive to lie – would, of course, allow IJs to disbelieve, without more, all testimony by asylum applicants and their relatives. That is decidedly not the law – some other cogent basis for disbelief must appear. *See Murphy v. INS*, 54 F.3d 605, 611 (9th Cir. 1995) ("Testimony should not be disregarded merely because it is . . . in the individual's own interest.").

The second, "talisman," reason, to the degree it is coherent, is simply inaccurate. If one believes the brother, there was not just a fraudulent document sent on to Kifle. Instead, there was a document delivered to Kifle's family home by three uniformed policemen whose accent indicated that they were of Tigre nationality, an identification confirmed by "a mark on their eyebrows," and who spoke angrily and "in a forceful manner." **[AR 288]** Kifle is of Amhara ethnicity and was active in the prior, Amhara-dominated Mengistu government. Members of the Tigre ethnic group are prominent in the new government, which ousted the Mengistu regime, and are often at odds with the Amhara. **[See AR 450, 184]**

Also, the brother reported that police had come earlier looking for Kifle, and "tried to scare us, terrorize us, and . . . said it's better if you tell us where she is." **[AR 290]** Further, the brother reported that he knew of someone else who had received a similar document, and that person was

later captured and disappeared. **[AR 293]** Thus, if the brother is credited, there would be ample reason to believe that hostile people appearing to be government officials were looking for and threatening Kifle because of her past political activities, even if the document they delivered to give an official appearance to their threats was doctored.

Because the BIA has not yet addressed the central issues of the brother's credibility and the pertinence of his testimony if believed, I would grant the petition and remand for that purpose.