**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARGARITA GARCILAZO-CUPA, | No. 05-75584 |
| Petitioner, | |
| v. | Agency No. A078-086-000 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2009[**]
Pasadena, California

Before: HALL, THOMPSON and SILVERMAN, Circuit Judges.

Margarita Garcilazo-Cupa petitions for review of the Board of Immigration

Appeals's denial as untimely of her motion to reopen her May 12, 1999 *in absentia*

order of removal. We review for an abuse of discretion, *Perez v. Mukasey*, 516

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 770, 773 (9th Cir. 2008), and dismiss in part and deny in part the petitions for review.

We have exclusive jurisdiction over the petitions for review pursuant to 8 U.S.C. § 1252. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052-53 (9th Cir. 2005). In transferring this case to us, the Third Circuit properly treated the habeas petition filed in the district court in Pennsylvania as a petition for review requiring consideration by a court of appeals. *Id.*

Petitioner was personally served with her notice to appear and acknowledged in writing that she was provided with written notice and oral notice in Spanish of the time and place of her hearing and the consequences of not attending her hearing. Therefore, she could obtain reopening of the *in absentia* removal order only if exceptional circumstances prevented her from appearing at her hearing *and* she filed the motion to reopen within 180 days of the 1999 order of removal. 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii).

Petitioner filed her motion to reopen for exceptional circumstances over four years after the Immigration Judge ordered her removed, well beyond the 180-day deadline to reopen for exceptional circumstances. *Id.* The BIA did not abuse its discretion by finding the motion untimely, and for that reason we deny her petition for review.

We lack jurisdiction to consider Rojas's equitable tolling claim because she did not assert the claim to the BIA. *Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006). That claim is dismissed. Since the timeliness issue disposes of the petitions for review, we do not reach the additional claims.

PETITIONS FOR REVIEW DISMISSED IN PART AND DENIED IN PART.