**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN ZAVALA LEMUS; CLAUDIA PATRICIA MEDRANO CRUZ; CESAR ISRAEL ZAMORA MEDRANO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71142 <br><br> Agency Nos. A096-360-249 <br> A095-295-036 <br> A095-295-037 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2009[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Alien-spouses Claudia Patricia Medrano-Cruz and Adrian Zavala-Lemus

and their adult son Cesar Israel Zamora-Medrano petition from the Board of

Immigration Appeals's ("BIA") decision denying their motion to reopen. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the BIA's denial of a motion to reopen for abuse of discretion and will reverse only if its decision is "arbitrary, irrational, or contrary to law." Singh v. INS, 295 F.3d 1037, 1039 (9th Cir. 2002). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

The BIA did not abuse its discretion by denying the motion to reopen. To show prejudice, an alien must show "plausible grounds for relief" on the merits. Serrano v. Gonzales, 469 F.3d 1317, 1319 (9th Cir. 2006). To qualify for cancellation of removal, an alien must establish, inter alia, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The petitioners in this case do not establish, nor does the record support any "exceptional and extremely unusual hardship" that their citizen-children face, other than the normal hardships associated with moving, such as changing schools.

Denial of the petitioners' motion does not violate due process. See Munoz v. Ashcroft, 339 F.3d 950, 954 (9th Cir. 2003).

**DENIED.**