**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONG ZHI LIU, | No. 10-70448 |
| Petitioner, | Agency No. A099-462-817 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Dong Zhi Liu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Liu claims that he and his wife suffered past mistreatment, and that he also fears forced sterilization for violating family planning laws. Even if Liu timely filed his asylum application, substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Liu's original asylum application and his household registration regarding his wife's name and date of birth. *See id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). The record does not compel acceptance of Liu's explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We lack jurisdiction to consider Liu's new argument that he did not have an opportunity to correct his wife's name and date of birth in his asylum interview, because he failed to exhaust this contention below. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) (no jurisdiction over issues raised for the first time on appeal to this court).

Accordingly, in the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**