**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAUDI KARBOAU, | No. 10-72951 |
| Petitioner, | Agency No. A026-358-197 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Milaudi Karboau, a native and citizen of Morocco, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from a deportation order of an immigration judge ("IJ"). Our jurisdiction is

governed by 8 U.S.C. § 1252. We review de novo questions of law. *Vargas-*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007).  We dismiss the petition for review.

We lack jurisdiction to review the agency's deportation order because Karboau's convictions for first-degree theft by receiving under Oregon Revised Statute § 164.095 constitute final convictions for aggravated-felony theft offenses that render him deportable under former 8 U.S.C. § 1251(a)(2)(A)(iii).  *See* 8 U.S.C. § 1252(a)(2)(C) (restricting the court's jurisdiction to review deportation orders predicated on aggravated-felony convictions); *see also Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011) ("[The] definition of 'conviction' . . . requires only that the trial court enter a formal judgment of guilt, without any requirement that all direct appeals be exhausted or waived."); *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061 (9th Cir. 2009) ("The act of . . . receiving stolen property knowing that it was stolen entails an exercise of control over the property without consent and with the intent to deprive the owner of rights and benefits of ownership . . . [and thus] fall[s] within the generic definition of theft.").  The validity of these convictions is not properly before us.  *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

10-72951

The record does not support Karboau's due process claims alleging IJ bias and ineffective assistance of counsel. *See Vargas-Hernandez*, 497 F.3d at 926 (requiring a petitioner alleging IJ bias to show that the IJ harbored a "deep-seated favoritism or antagonism that would make fair judgment impossible"); *Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) ("To assert a valid due process ineffective assistance of counsel claim, a petitioner must demonstrate prejudice; namely, he must show that he has 'plausible grounds for relief.'" (citation omitted)). Consequently, Karboau's due process claims are not sufficiently colorable to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context . . . , the claim must have some possible validity." (citation omitted)).

Karboau's challenges to the agency's custody determination are not properly before us because custody-redetermination hearings and deportation hearings are separate proceedings, and challenges to those proceedings must be separately exhausted. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Joseph v. Holder*, 600 F.3d 1235, 1247 (9th Cir. 2010).

The BIA's decisions denying the motions to reopen and reconsider that Karboau filed while this petition for review was pending are also not properly before us in this petition for review. *Cf. Lin v. Gonzales*, 473 F.3d 979, 981 n.1

3                                                    10-72951

(9th Cir. 2007) (noting that denials of subsequent motions to reopen must be separately appealed).

**PETITION FOR REVIEW DISMISSED.**