**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIGRAN ALEXANIAN,

                          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

                          Respondent.

No. 12-73946

Agency No. A079-164-695

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

       Tigran Alexanian, a native and citizen of Albania, petitions for review of an

order of the Board of Immigration Appeals ("BIA") denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the BIA's denial of a motion to reopen and review de novo

_____

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims of ineffective assistance of counsel. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion by denying for lack of prejudice Alexanian's untimely motion to reopen based on ineffective assistance of counsel. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) ("To assert a valid due process ineffective assistance of counsel claim, a petitioner must demonstrate prejudice; namely, he must show that he has 'plausible grounds for relief.'" (citation omitted)). At his final removal hearing, Alexanian had a full and fair opportunity to correct his former attorney's purported failure to include in his asylum application an alleged incident of persecution that formed one of several bases for the agency's prior adverse-credibility determination underlying its denial of relief. *See Ramirez-Durazo v. INS*, 794 F.2d 491, 500 (9th Cir. 1986) (identifying no prejudice from an attorney's alleged failure to illicit rehabilitative testimony from the petitioners, where the hearing had given them "a full opportunity to present their evidence"); *see also Cortez-Pineda v. Holder*, 610 F.3d 1118, 1125 n.8 (9th Cir. 2010) ("[O]nly one ground is necessary to support an adverse credibility determination . . . .").

In light of this dispositive determination, the BIA did not need to reach Alexanian's remaining ineffective-assistance allegations. *See Simeonov v.*

12-73946

*Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

We deny Alexanian's request for oral argument. *See* Fed. R. App. P. 34(a)(2)(B)-(C).

We deny without prejudice Alexanian's request for attorney fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A); *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) (order).

**PETITION FOR REVIEW DENIED.**

12-73946