**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRECENCIO OLEA-RAMOS, | No. 12-73455 |
| Petitioner, | Agency No. A097-477-171 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Crecencio Olea-Ramos, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Meza-Vallejos v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 669 F.3d 920, 923-24 (9th Cir. 2012). We deny the petition for review.

The BIA did not abuse its discretion by denying for lack of prejudice Olea-Ramos's motion to reopen based on his prior attorney's failure to file an appellate brief challenging the immigration judge's denial of cancellation of removal. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) ("To assert a valid due process ineffective assistance of counsel claim, a petitioner must demonstrate prejudice; namely, he must show that he has 'plausible grounds for relief.'" (citation omitted)). Because Olea-Ramos is statutorily ineligible for cancellation of removal on account of his prior act of alien smuggling, he is unable to establish plausible grounds for this relief. *See Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) (en banc) ("[A]lien smugglers are one of the classes of persons that cannot be found to have good moral character for the purposes of cancellation of removal . . . .").

In addition, the BIA did not abuse its discretion by denying Olea-Ramos's motion to reopen based on his prior attorney's failure to submit proof of voluntary-departure bond payment, where Olea-Ramos did not provide proof of payment with his motion to reopen. *See* 8 C.F.R. § 1240.26(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**