**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO MORENO MENDEZ; MARIA DEL CARMEN MORENO GOMEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71702 <br><br> Agency Nos.      A095-187-899 <br>                  A095-187-900 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:      SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Fernando Moreno Mendez and Maria Del Carmen Moreno Gomez, natives

and citizens of Mexico, petition for review of an order of the Board of Immigration

Appeals ("BIA") denying their motion to reopen removal proceedings. Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA correctly analyzed petitioners' motion to reopen based on ineffective assistance of counsel in accordance with the governing statutory and regulatory scheme. *See* 8 C.F.R. § 1003.2(c); *see also Mohammed*, 400 F.3d at 792 ("[A] motion to reopen . . . is the proper 'avenue ordinarily available to pursue ineffective assistance of counsel claims.'").

The BIA did not abuse its discretion by denying petitioners' motion to reopen due to lack of prejudice, where petitioners failed to establish plausible grounds for the relief that they seek. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) ("To assert a valid due process ineffective assistance of counsel claim, a petitioner must demonstrate prejudice; namely, he must show that he has 'plausible grounds for relief.'" (citation omitted)).

In light of this disposition, we need not reach petitioners' contentions regarding due diligence. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

11-71702

The BIA also did not abuse its discretion by denying petitioners' request for reissuance of its decision of March 6, 2006. The record belies petitioners' contention that the BIA considered their request only under its sua sponte authority. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (rejecting a contention belied by the record). To the extent petitioners challenge the BIA's refusal to exercise its sua sponte authority to reissue its decision, we lack jurisdiction to consider these contentions. *See Toufighi v. Mukasey*, 538 F.3d 988, 993 n.8 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**