**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANJIT KAUR MAJOR; VARINDER SINGH,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73111

Agency Nos.   A070-195-341
              A071-614-138

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2014[**]
San Francisco, California

Before: REINHARDT, GOULD, and BERZON, Circuit Judges.

Manjit Kaur Major ("Major") and her son Varinder Singh, natives and

citizens of India, petition for review of the Board of Immigration Appeals ("BIA")

decision affirming an immigration judge's ("IJ") denial of their applications for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adjustment of status, asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and motion to remand. Major[1] raises the following issues on appeal: (1) whether the BIA erred in denying Major's adjustment of status applications based on her marriages to Mr. Jimmy Major ("Mr. Major") and Mr. Madanjit Nijjar ("Nijjar"); (2) whether substantial evidence supports the BIA's denial of Major's asylum application; (3) whether substantial evidence supports the BIA's denial of Major's CAT relief; and (4) whether the BIA abused its discretion in denying Major's motion to remand.

## I

Major contends that the BIA erred in denying her adjustment of status application based on her marriage to Mr. Major because Mr. Major's death after marriage did not deprive her of eligibility to adjust status, and because the DHS misguided her in connection with the withdrawing of her application. We reject this argument for several reasons. The BIA did not deny Major's application because Mr. Major died, but because Major withdrew her application and admitted that her marriage was purely for the purpose of obtaining her legal permanent residency. Also, Major's argument that the DHS misguided her into withdrawing

---

[1] We only address Major's eligibility for relief, because Varinder Singh's relief solely derives from his mother Major's applications.

her application was not raised before the IJ or in her opening brief before the BIA. We do not have subject matter jurisdiction to consider a claim not properly raised in administrative proceedings. *Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006).

Major is ineligible to adjust status based on her later marriage to Nijjar, because INA § 245(d) bars her from adjusting status on any basis other than marriage to the United States citizen who petitioned for her K-1 visa. *Choin v. Mukasey*, 537 F.3d 1116, 1119 n.4 (9th Cir. 2008) ("There is no question that the plain language of [INA § 245(d)] bars K visaholders from adjusting to permanent resident status on any basis other than the marriage to the citizen who petitioned on their behalf."). The BIA did not err in denying Major's adjustment of status applications.

## II

Major contends that the BIA's "adverse credibility finding or [Major's] alleged incoherency is not supported by substantial evidence." Where, as here, the BIA has affirmed the IJ's findings of fact and added comments of its own, we review both decisions. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). Normally, we review an adverse credibility finding for substantial evidence. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). However, our

3

precedent is clear that an adverse credibility determination must be explicit, not implicit. *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658–59 (9th Cir. 2003) (holding that the IJ must make explicit credibility findings); *Shoafera v. INS*, 228 F.3d 1070, 1074 n.3 (9th Cir. 2000) ("[T]he law of this circuit does not permit implicit adverse credibility determinations."); *Aguilera-Cota v. INS*, 914 F.2d 1375, 1383 (9th Cir. 1990) ("The mere statement that a petitioner is 'not entirely credible' is not enough."). Here, we do not read the IJ's decision or the BIA's decision as making any explicit adverse credibility determination. As the BIA stated:

> The Immigration Judge noted the multiple significant discrepancies and material inconsistencies in the record, between the testimony, the applications, and the other documentary evidence. The Immigration Judge determined that the asylum claims were incoherent, and he was not sure what to believe, due to the significant discrepancies and inconsistencies and the inability of the respondents to adequately explain the discrepancies in the record. We affirm the Immigration Judge's decision.

Several aspects of in Major's proof rendered her asylum claim incoherent. First, Major's membership of the Akali Dal party is a key to her asylum claim, but her written application and testimony conflict on whether she was a member. Major's written application said that she "became a member of the party" on April 13, 1990, but contrary to that statement, she testified that she was not a member.

4

At the end of the hearing, the IJ gave Major adequate opportunities to explain this inconsistency, but she was unable to do so.

Second, the theme of Major's political persecution story shifted between her written application and her testimony. Her written application stressed that she was a member of the Akali Dal party and was persecuted because of her political activities. But at the hearing, her story shifted to focus on Satwant Singh. Major's deceased first husband was Harjit Singh ("Singh"), and his brother-in-law was Satwant Singh, who allegedly assassinated Prime Minister Indira Gandhi. The name Satwant Singh did not appear in Major's written application, but became the focus of her persecution story at the asylum hearing. If Major's arrest was because of her family connection to Satwant Singh, it is incomprehensible why she did not even mention Satwant's name in her written application. Major's new story about Satwant Singh also was incoherent, as the IJ found. Major stated that Singh went out for gatherings with Satwant in 1990, but on cross-examination, the DHS's counsel asked how Satwant could go out with Singh in 1990 if Satwant was hanged before 1990. Major then changed her testimony stating that others from the party used to go by Satwant's name. But Major had confirmed earlier that the Satwant Singh whom Singh went out with was the Satwant Singh who killed Prime Minister Gandhi.

Third, Major and her deceased husband Singh's father Avtar Singh were unable affirmatively to testify whether it was militants or the police who killed Singh. In sum, substantial evidence supports the BIA's determination that Major's asylum claims were incoherent.

## III

The government argues that Major did not exhaust her CAT claim because Major "merely asserted in the first paragraph" of her brief before the BIA that she appeals the IJ's denial of her CAT relief. We have previously held that a CAT claim is exhausted as long as a petitioner mentions his or her CAT claim in the brief, because the BIA is on notice that the petitioner is challenging the IJ's CAT determination. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Here, Major mentioned in her brief that she was challenging the IJ's denial of her asylum under CAT, so Major has exhausted her CAT claim.

The government also argues that Major waived her CAT challenge on appeal before us because she did not make any arguments that she met the burden of proof in her opening brief. Although Major's arguments in support of her CAT claim were sparse, she did argue that she was eligible for CAT relief in her opening brief. We conclude that Major did not waive her CAT claim.

6

We turn to the merits of Major's CAT claim. To be eligible for withholding of removal under CAT, an applicant must prove that "he [or she] is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment" in the country of removal. *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005) (citation omitted). CAT claims are "analytically separate from claims for asylum under INA." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). In determining an immigrant's eligibility for CAT relief, the BIA shall consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3).

Here, the BIA was silent as to its reason for denying Major's CAT relief. When the BIA is silent as to its reason for denying a CAT claim, we look to the IJ's opinion "as a guide to what lay behind the BIA's conclusion." *Afriyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010) (internal quotation marks and citation omitted). Here, the IJ denied Major's CAT claim for the same reason that he denied her asylum and withholding of removal claims: numerous significant discrepancies between Major's application, testimony, and the documentary evidence rendered her claim incoherent. Moreover, although the evidence relating to Major's asylum and CAT claims substantially overlap, the IJ did consider evidence specifically relating to Major's CAT claim, including India's country conditions that the IJ referred to as "general background materials the purpose of

7

which is to provide context for Ms. Kaur's claims." *Cf. Kamalthas*, 251 F.3d at 1284 (granting petition for review because the BIA failed to consider relevant country conditions). We are unable to find that this evidence "compel[s] a different conclusion from the one reached by the BIA." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). Because the IJ has considered all relevant evidence relating to Major's CAT claim, and because nothing in the record compels us to reverse the IJ's denial of Major's CAT relief, we deny the petition with respect to this claim.

**IV**

Major finally contends that the BIA erred in denying her motion to admit new evidence. Major's motion for the IJ to consider new evidence is a motion to reopen. *Oyeniran v. Holder*, 672 F.3d 800, 808 (9th Cir. 2012). A motion to reopen filed while an alien's removal proceeding is on appeal before the BIA will be treated as a motion to remand the proceedings to the IJ. 8. C.F.R. §§ 1003.2(b)(1) and (c)(4); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). We review the BIA's denial of a motion to remand for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

Here, the BIA did not abuse its discretion in denying Major's motion to remand because she did not show that the previously unavailable evidence could

not have been discovered or presented at the former hearing. *INS v. Doherty*, 502 U.S. 314, 324 (1992); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). All events described in the new evidence took place before Major's asylum hearing on December 11, 2008, and Major gave no explanation of why she could not have submitted the new evidence before her asylum hearing. The BIA has broad discretion in denying remand motions. *INS v. Abudu*, 485 U.S. 94, 108 (1988). We conclude that the BIA did not abuse its discretion in denying Major's motion to remand.

**PETITION DENIED**.