**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SVETLANA GRIGORYAN, | No. 13-70803 |
| Petitioner, | Agency No. A095-448-874 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Svetlana Grigoryan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the BIA's denial of a motion to reopen and review de novo claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Grigoryan's motion to reopen based on ineffective assistance of counsel, where she failed to establish plausible grounds for the relief she seeks. *See Serrano v. Gonzales*, 469 F.3d 1317, 1319 (9th Cir. 2006) ("To assert a valid due process ineffective assistance of counsel claim, a petitioner must demonstrate prejudice; namely, he must show that he has 'plausible grounds for relief.'" (citation omitted)). Contrary to Grigoryan's contention, the BIA did not engage in impermissible fact-finding in its prejudice analysis. 8 C.F.R. § 1003.1(d)(3)(iv) (limiting fact-finding in appeals).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen Grigoryan's removal proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.