**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO TELLO CIFUENTES, | No.　20-71446 |
| Petitioner, | Agency No. A208-192-632 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2021[**]
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

Petitioner Gilberto Tello Cifuentes, a native and citizen of Guatemala, seeks

review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen removal proceedings.  We deny the petition.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion, <u>Serrano v. Gonzales</u>, 469 F.3d 1317, 1318 (9th Cir. 2006), in denying Petitioner's motion. Petitioner's Notice of Appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture, which he submitted while represented by counsel, failed to meaningfully apprise the BIA of the reasons for the appeal. <u>Singh v. Ashcroft</u>, 361 F.3d 1152, 1157 (9th Cir. 2004). The Notice of Appeal offered only generic and conclusory reasons as to why or how the IJ erred. <u>Toquero v. INS</u>, 956 F.2d 193, 195–96 (9th Cir. 1992). Counsel also failed to file a separate statement or brief after indicating that he would do so. <u>Casas-Chavez v. INS</u>, 300 F.3d 1088, 1089–90 (9th Cir. 2002).

Petitioner otherwise fails to establish that reopening was warranted. His familial circumstances and counsel's error do not constitute grounds obligating the BIA to reopen his proceedings. The BIA did not act "contrary to the law" in denying the motion. <u>Tadevosyan v. Holder</u>, 743 F.3d 1250, 1252 (9th Cir. 2014) (internal quotation marks omitted).

**PETITION DENIED**.