**Agnes Eliesjean ZAINI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72591.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

David B. Gardner, Esq., Law Offices of David B. Gardner, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Peter D. Keisler, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Agnes Eliesjean Zaini, a native and a citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's ruling under a substantial evidence standard. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We deny Zaini's petition.

We do not consider Zaini's challenge to the IJ's adverse credibility finding. The BIA did not affirm that finding.

Zaini's claim that the IJ violated her due process rights by failing to adequately read the record is not supported by any evidence. Zaini received a full and fair hearing of her claims and a reasonable opportunity to present evidence on her behalf. *See Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999).

Nor did the BIA violate due process when it disregarded Zaini's letter attempting to alter and supplement her testimony before the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("the Board will not engage in factfinding in the course of deciding an appeal. A party asserting that the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Board cannot properly resolve an appeal without further factfinding must file a motion for remand.").

■ Finally, substantial evidence supports the BIA's decision that Zaini is not eligible for asylum. Zaini mainly testifies about incidents that did not happen to her. She also testifies to having experienced verbal harassment. *See Nagoulko v. INS*, 333 F.3d 1012 (9th Cir.2003) (holding that teasing, bothering, harassing, and discriminating against petitioner does not compel a finding of past persecution). This is hardly so "so compelling that no reasonable factfinder could fail to find . . . ." that Zaini had experienced persecution or had a well-founded fear of future persecution. *Elias–Zacarias v. INS*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995).

■ In failing to qualify for asylum, Zaini necessarily did not qualify for withholding of removal, given its more exacting standard. *See Ghaly v. INS*, 58 F.3d 1425, 1428–29 (9th Cir.1995). Because Zaini did not show that it is more likely than not that she would be tortured upon return to Indonesia, Zaini also did not qualify for protection under the Convention Against Torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's failure to respond to the motion for stay of removal, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**