**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGNES ELIESJEAN ZAINI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-72310<br><br>Agency No. A071-808-749<br><br>MEMORANDUM[*] |
| AGNES ELIESJEAN ZAINI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72337<br><br>Agency No. A071-808-749 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2012
Submission Vacated December 18, 2012
Submitted August 6, 2013

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Petitioner, Agnes Eliesjean Zaini, petitions for review of the Board of Immigration Appeals (BIA)'s orders denying her motion to reopen, motion to reconsider, and motion to reopen *sua sponte*. We deny the petition in part and dismiss in part.

Zaini is an ethnically Chinese citizen of Indonesia and a practicing Christian. In 1999, she applied for asylum, withholding of removal, and protection under the Convention Against Torture. Her applications were denied, and she was granted voluntary departure. *Zaini v. Ashcroft*, 113 F. App'x 785, 786-87 (9th Cir. 2004). In December 2006, Zaini filed an Emergency Motion to Reopen and Remand & Motion for Stay before the BIA. She claimed that she was eligible for asylum and withholding of removal on the basis of changed country conditions in Indonesia, as well as for adjustment of status as a beneficiary of her U.S. citizen son. The BIA denied the motion in May 2007. Zaini then filed a Motion to Reconsider or in the Alternative Motion to Reopen Sua Sponte in January 2008, again arguing that she qualified for adjustment of status through her son. The BIA denied those alternative motions in June 2009. Zaini timely petitioned for review of the BIA's orders, which we consolidated for review.

**1.** The BIA did not abuse its discretion in denying Zaini's motion to reopen to apply for asylum and withholding of removal. Because Zaini did not file her motion to reopen within 90 days of the final order of removal, she had to submit evidence of changed country conditions that was "material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA's conclusion that Zaini failed to make such a showing was supported by substantial evidence in the record. *See Najmabadi v. Holder*, 597 F.3d 983, 989-90 (9th Cir. 2010).[1]

**2.** The BIA also did not abuse it discretion in denying Zaini's motion to reopen to seek adjustment of status. Where there is "no dispute that [the] motion to reopen was filed after the period for voluntary departure [has] elapsed," the BIA is "not simply correct to deny the motion [to reopen]," but actually "compelled to do so" under 8 U.S.C. § 1229c(d)(1)(B). *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015 (9th Cir. 2008) (per curiam). This is true even if, as Zaini argues, her appeal of the IJ's decision constructively withdrew her voluntary departure. *See, e.g.*, *Toufighi v. Mukasey*, 538 F.3d 988, 993 (9th Cir. 2007) (explaining that

---

[1] Zaini also argues that the BIA erred by stating that she had "failed to submit the required asylum application." *See* 8 C.F.R § 1003.2(c)(1). Whether or not this statement was made in error, it was not one of the bases on which the BIA denied her motion to reopen.

because Toufighi missed the ninety-day deadline to file a motion to reopen, "Toufighi's motion to reopen to apply for adjustment of status was properly denied regardless of whether the ten-year bar on discretionary relief for failing to voluntarily depart applies to him."). The BIA thus did not abuse its discretion in denying the motion to reopen on this ground.

**3.** The BIA did not, as Zaini alleges, commit a due process violation by denying her motion to reopen without considering all the evidence. An alien seeking to establish such a violation must overcome the presumption that the BIA has reviewed the record. *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1096 (9th Cir. 2000). Zaini fails to do so here. Contrary to her argument, the BIA did address the testimony of Zaini's expert witness, but concluded that it did not establish a pattern or practice of persecution in Indonesia. The BIA was not required to engage in a lengthy explanation for this conclusion. *See Najmabadi*, 597 F.3d at 990; *Feng Gui Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009). Furthermore, Zaini's argument that the BIA applied a "policy to deny motions to reopen" to her case is without support in the record.

**4.** The BIA also did not abuse its discretion in denying Zaini's motion to reconsider. First, the motion was untimely. *See* 8 U.S.C. § 1229a(c)(6)(B). Second, the BIA did not err in denying the motion on the ground that *Dada v.*

*Mukasey*, 554 U.S. 1 (2008), has no impact on Zaini's case. *See* 8 U.S.C. § 1229a(c)(6)(C) ("The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"). In *Dada*, the Supreme Court held that "[an] alien must be permitted an opportunity to withdraw [her] motion for voluntary departure, provided the request is made before the departure period expires." 554 U.S. at 5-6. But Zaini did not request to withdraw her request for voluntary departure before the departure period had ended. Furthermore, her argument that she "constructively withdrew" her request for voluntary departure by appealing to the BIA in 2002 is negated by the fact that our court subsequently found that her "motion for stay of removal included a timely request for stay of voluntary departure," and granted her the opportunity to voluntarily depart. *Zaini*, 113 F. App'x at 787. It was therefore not an abuse of discretion for the BIA to deny her motion to reconsider.

**5.** Finally, Zaini argues that even if her motion to reconsider was untimely, the BIA should have granted her motion to reopen *sua sponte*. We reject this argument because we do not have jurisdiction to review the denial of a motion to reopen deportation proceedings *sua sponte*. *Toufighi*, 538 F.3d at 993 n.8; *Malty v. Ashcroft*, 381 F.3d 942, 945 n.1 (9th Cir. 2004). We therefore dismiss this argument.

5

PETITION DENIED in part and DISMISSED in part.