**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALBERTO CHAMU ANTUNEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73830 <br><br> Agency No. A095-296-670 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2014[**]
San Francisco, California

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Petitioner Jorge Alberto Chamu Antunez ("Chamu"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the history of the case, we need not recount it here.

We review the agency's denial of a motion to reopen for an abuse of discretion. *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009).

The BIA did not abuse its discretion in concluding that Chamu's motion to reopen was untimely and not subject to either a timeliness exception or equitable tolling. A motion to reopen must be filed within 90 days of the decision the alien seeks to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i). Chamu's claim was untimely because it was filed 9 years after his application for cancellation of removal was denied and he was granted voluntary departure. Chamu does not claim any statutory exception to the time limitation. 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv).

Chamu instead contends that the deadline should be tolled because he suffered ineffective assistance of counsel during his original removal proceeding. But, because Chamu failed to raise this claim before the IJ in his motion to reopen, the BIA correctly concluded he waived the issue on appeal. *In re J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007). Chamu argues his ineffective assistance of counsel claim was not waived because he was denied due process and prejudiced when the IJ issued her decision without providing him the opportunity to supplement his skeletal motion. Yet, an IJ is not required to set or extend time

2

limits for filings, *see* 8 C.F.R. § 1003.31(c), and Chamu did not keep the court apprised of his medical condition or request more time for further review of the record of proceeding. Chamu relies on *Yeghiazaryan v. Gonzales*, 439 F.3d 994, 999 (9th Cir. 2006), wherein we held that the BIA denied the petitioner due process by denying a skeletal motion to reopen within a week of its filing. That case, however, is distinguishable. There, the petitioner filed his skeletal motion to reopen within the 90-day time limitation, the motion put the agency on notice of the grounds for reopening, the IJ denied the motion prior to the end of the 90-day period, and the petitioner ultimately filed a supplemental brief and complete evidence to support his ineffective assistance of counsel claim. *Id.* Chamu's motion fails to meet any of these criteria.

Additionally, the BIA did not abuse its discretion in concluding that Chamu failed to establish prima facie eligibility for relief from removal or that he merited reopening in the exercise of discretion. The BIA may deny a motion to reopen where the movant has not established a prima facie case for the underlying substantive relief sought. *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992) (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992)). Chamu could not prove eligibility for any relief from removal where his failure to voluntarily depart on February 10, 2003, subjected him to a statutory 10-year bar from relief. 8 U.S.C. §

3

1229c(d)(1); 8 C.F.R. § 1240.26(a); *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015–16 (9th Cir. 2008) (per curiam) (holding that because motion to reopen was filed after expiration of voluntary departure period, BIA was compelled to deny the motion).  Moreover, even if a movant establishes prima facie eligibility for relief, the agency may, in its discretion, deny a motion to reopen.  8 C.F.R. § 1003.2(a); 8 C.F.R. § 1003.23(b)(3); *Doherty*, 502 U.S. at 323.  Here, the BIA did not abuse its discretion by adopting the IJ's conclusion that Chamu did not warrant a favorable exercise of discretion after weighing Chamu's residence in the United States and hardship on his family against his lack of "due diligence or willingness to comply with the immigration laws."

We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings.  8 C.F.R. § 1003.2(a); *Singh v. Holder*, 658 F.3d 879, 884 n.6 (9th Cir. 2011).

**PETITION DENIED.**